UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MATTHIAS JIMMY FRANCOIS | CIVIL ACTION |
| VERSUS | NO:     10-4264 |
| JEFFERSON PARISH | SECTION: "C" (4) |

REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

Also before the Court is a **Motion to Amend Complaint (R. Doc. 5)** which seeks to add Jefferson Parish as a Defendant. The Amended Complaint also seeks to inform the Court that Francois has an eye witness regarding the Complaints that he has filed against the City of New Orleans, the City of Gretna, and the City of Jefferson Parish.[1] For the reasons discussed below, the Court recommends that the motion be denied.

I.     **Background**

The above captioned matter relates to an incident which the Plaintiff recently asserted in

---

[1] The Court notes that in the above captioned action, Francois has only asserted a claim against Jefferson Parish, and presumably against Officers Blandford and Derrick Legget. To the extent that Francois claims that he has an eye witness for his Complaints against the City of New Orleans and the City of Gretna, those claims relate to his previously filed, related claims, which are discussed below in this Report and Recommendation.

another related action, Civil Action 10-1330(C)(4), which is currently pending in the Eastern District of Louisiana. This action also described two other similar events.[2] Relevant to the instant matter, is Francois's claims against Officers Eric Blandford and Derrick Legget of the Jefferson Parish Police Department which Francois contends occurred on January 14, 2008.

The Plaintiff originally contended that on November 17, 2008, Officers Legget and Blandford told him that they were going to search him for crack cocaine. (R. Doc. 1, p. 4.) He was allegedly handcuffed and the Defendants put him in the back of their squad car. (R. Doc. 1, p. 4.) The Plaintiff contends that the Defendants pulled his pants down and placed their fingers inside of his rectum, which caused it to bleed. *Id.*

Subsequently, the Plaintiff contends that the Defendants told him they wanted to search his mother's house. After the Plaintiff refused, Francois claims that the Defendants threatened him by saying they would "beat his black ass" unless he did not comply with their request. *Id.* The Defendants performed a search of Francois's mother's house and found what they thought was crack cocaine. The officers tested the substance and it came back negative. The Plaintiff was arrested and

---

[2]Francois filed a similar action before the undersigned which asserted claims for the incidents which are subject to the instant claim, and two other similar incidents involving various Louisiana Police Officers that allegedly illegally searched the Plaintiff's rectum. *See Francois v. Blandford, et al.*, Civ. Action 10-1330(C)(4), Eastern District of Louisiana (2010). The two other incidents occurred on June 6, 2008, and April 8, 2010.

Francois contends that on June 6, 2008, he was stopped by Officer Williams of the New Orleans Police Department outside of a housing project in Iberville, Louisiana. (R. Doc. 1, p. 3.) Officer Williams told Francois to get out of the car, and asked the Plaintiff if he was in possession of crack cocaine. Francois replied that he was not in possession of the drug. Officer Williams informed Francois that he was going to perform a search for crack cocaine. Francois told the Officer that he could begin his search. Subsequently, Officer Williams told Francois to "bend over" and performed a rectal cavity search which caused the Plaintiff to bleed. The Officer did not find any crack cocaine, but arrested the Plaintiff for criminal trespassing. *Id.*

Francois contends that on April 8, 2010, he was stopped by Officer Arabie of the Gretna Police Department. Officer Arabie informed Francois that he was going to search him for crack cocaine. After Francois informed the officer that he was not in possession of the drug, the officer allegedly handcuffed the Plaintiff and choked him until he was unconscious. When the Plaintiff woke up, the Officer allegedly had his fingers inside of the Plaintiff's rectum, causing it to bleed. The Plaintiff has sued the Gretna Police Department, Officer Arabie, and the Jefferson Parish Correctional Center for his injuries arising out of this incident. (R. Doc. 1, pp. 1-2.)

charged with possession with the intent to distribute counterfeit crack cocaine.  Francois contends that he paid $5,000.00 for the substance and filed a motion to have it returned.

The Plaintiff further alleges that he was taken to the Jefferson Parish Correctional Center where he claims he was raped by another prisoner.  He also claims that he attempted to receive medical care for his bloody rectum but was not provided with medical attention.  He asserts claims against Jefferson Parish for excessive force and sexual battery.  He also complains that Sheriff Newell Normand[3] should have known that aggressive policing would result in insult and abuse such as that which he has experienced.

Francois filed this exact same claim in 10-1330(C)(4) against Jefferson Parish and Officers Blandford and Legget.  On June 23, 2010, Francois filed a Motion to Amend the Complaint in Civil Action No. 10-1330.  On October 26, 2010 the Motion was granted to the extent that Francois voluntarily dismissed the Jefferson Parish Police Department and the Jefferson Parish Prison as a Defendant.  (*See Civ. Action No.* 10-1330, Rec. Doc. 48.)  On January 10, 2011, the undersigned recommended that the claims against Legget and Blandford be dismissed because they were prescribed.  (*See Civ. Action No.* 10-1330, Rec. Doc. 60.)   The Court hereby adopts that recommendation in this proceeding for the reasons detailed below.

In Civil Action No. 10-1330(C)(4), the Court recommended dismissal of the claim against Officer Blandford and Legget based upon prescription because the incident allegedly occurred on November 17, 2008.  Since the undersigned recommended dismissal of the claim, Francois filed the subject action.  In so doing, he struck through the date of November 17, 2008, and made a hand-

---

[3]The Court notes that Francois did not name Sheriff Newell Normand as a Defendant in the instant matter.  To the extent that he intended to do so, Francois' claim against him is time-barred for reasons set forth in this Report and Recommendation.

written amendment to his Complaint that the alleged actions occurred on January 14, 2008, as the actual date and reasserted the same allegations as set forth in the original complaint.  Despite Francois' attempt to change the date, this claim is also subject to dismissal for the same reasons.

Although Francois specifically named only Jefferson Parish as a Defendant in his original Complaint, and not Officers Blandford and Legget, on November 18, 2010, Francois filed a Motion to Amend his Complaint which seeks to add Jefferson Parish as a Defendant.  (R. Doc. 5-1.)  Thus the Court construes this as an attempt to indicate that Officers Blandford and Legget were also to be considered Defendants in the original Complaint.  For the reasons described below, and as set forth in the undersigned's Report and Recommendation in Civil Action 10-1330(C)(4), the Court finds that the action should be dismissed as to all of the Defendants.

## II.   Standard of Review

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).

However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.  Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.  *Harper*

*v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28.  Therefore, the Court must determine whether the plaintiffs' claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.   Analysis**

In the subject matter, Francois manually changed the date of the arrest involving Legget and Blandford and now indicates that rather than the incident occurring on November 17, 2008, that it occurred on January 14, 2008.  Regardless of when the arrest and event alleged occurred, the Plaintiff did not file the present action until November 8, 2010, after the one year period allowed by law.  (*See* R. Doc. 28-1.)

The Fifth Circuit has approved the application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art. 3492 in a § 1983 action.  *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir.1980). The Plaintiff therefore had one year to file his federal § 1983 action.  Depending on what date the events alleged actually occurred, Francois had until either January 11, 2009, or November 17, 2009, in which to file his claims.

As previously determined in Civil Action No. 10-1330 (C)(4), upon the review of the arrest report which is a part of the evidentiary record, Francois was arrested on January 11, 2008, and not January 14, 2008, as now alleged.[4]  Nevertheless, even if the alleged events occurred on January 14,

---

[4]*See Francois v. Blandford, et al.* Civ. Action. 10-1330(C)(4), Eastern District of Louisiana, 2010, R. Doc. 28-2.

2008, Francois had until January 14, 2009, in which to assert his claim.  This action was not filed until November 8, 2010, after both of those deadlines had passed.  Thus, Francois's § 1983 claims for sexual assault, false arrest, and excessive force filed against Jefferson Parish, Officer Eric Blandford, and Officer Derrick Legget have prescribed.  These claims should therefore be dismissed on this basis as frivolous.

## IV.    Recommendation

Accordingly,

**IT IS RECOMMENDED** that the claims against the Jefferson Parish, Officer Eric Blandford, and Officer Derrick Legget should be dismissed as frivolous pursuant to 28 U.S.C.§ 1915 because the claims are time-barred.

**IT IS FURTHER RECOMMENDED** that Francois' **Motion to Amend Complaint (R. Doc. 5)** be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana, this 25th day of February 2011

_____

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[5]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.